ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Powertronic Systems Florida, Inc. | ) ASBCA No. 62174 |
| | ) |
| Under Contract No. N00253-18-C-0003 | ) |

APPEARANCES FOR THE APPELLANT:     David L. Hayden, Esq.
 Jackson W. Moore, Jr., Esq.
  Smith, Anderson, Blount, Dorsett, Mitchell &
   Jernigan
  Raleigh, NC

APPEARANCES FOR THE GOVERNMENT:   Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
 Trenton Bowen, Esq.
  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE CLARKE ON APPELLANT'S
MOTION FOR RECONSIDERATION

Powertronic Systems Florida, Inc. (Powertronic) moves this Board to reconsider its May 10, 2021 decision sustaining the Navy's Termination for Default of Contract No. N00253-18-C-0003. We have jurisdiction pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. None of the justifications supporting successful reconsideration apply and the Motion is denied.

LEGAL STANDARD

Both parties correctly recite the law concerning the government's obligation in considering a motion for reconsideration (app. mot. at 2-3; gov't. opp'n at 1). In *Supreme Foodservice GmbH*, ASBCA No. 57884 *et al.*, 17-1 BCA ¶ 36,740 we wrote:

> [W]e look to whether the movant has presented newly discovered evidence, mistakes in findings of fact, or errors of law. *Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 57530, 58161, 16-1 BCA ¶ 36,554 at 178,039. A reconsideration motion is not an opportunity to reargue issues previously raised and decided, or to advance arguments that should have been presented in an earlier proceeding. *Precision Standard, Inc.*, ASBCA No. 59116, 15-1 BCA

36,155 at 176,445; *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. A party moving for reconsideration "must show a compelling reason" why the Board should alter its decision. *Precision Standard*, 15- 1 BCA ¶ 36,155 at 176,445.

*Id.* at 179,092. There is no disagreement as to the standard the Board will apply.

## POWERTRONIC'S INTRODUCTION

Powertronic summarized its arguments at the beginning of its motion:

The Board did not properly consider certain evidence regarding Powertronic's request for a no-cost termination under the FAR, the Board made an error of law in its application of *Lisbon Contractors*, and the Board made errors of law and mistakes of fact in finding that the Contracting Officer did not abuse her discretion in terminating the Contract for default, and each error supports the Board reversing the Opinion, sustaining Powertronic's appeal, and converting the Navy's termination of the Contract for default into a termination for convenience.

(App. mot. at 2)

## DECISION

*Federal Acquisition Regulation (FAR) 94.109-4*

Firstly, Powertronic argues that the Board did not address whether the contracting officer "violated 48 C.F.R. § 49.109.4 [we will use FAR 49.109-4] by failing to execute a no-cost settlement rather than terminating the Contract for default" (app. mot. at 3). Powertronic misconstrues FAR 49.109-4 when it states, "[t]his is a mandatory provision

2

requiring the contracting officer to execute a no-cost settlement if the two factors in the clause are met"* (*id*. at 3-4).  FAR 49.109-4 reads:

**49.109-4 No-cost settlement.**

The TCO shall execute a no-cost settlement agreement (see 49.603-6 or 49.603-7, as applicable) if-

(a) The contractor has not incurred costs for the terminated portion of the contract or

(b) The contractor is willing to waive the costs incurred and

(c) No amounts are due the Government under the contract

However FAR 49.109-4 is subject to FAR 49.109-1 that reads:

**49.109-1 General.**

When a termination settlement has been negotiated and all required reviews have been obtained, the contractor and the TCO shall execute a settlement agreement on Standard Form 30 (Amendment of Solicitation/Modification of Contract) (see 49.603). The settlement shall cover

(a) Any setoffs that the Government has against the contractor that may be applied against the terminated contract and

(b) All settlement proposals of subcontractors, except proposals that are specifically excepted from the agreement and reserved for separate settlement.

The Navy's termination for default was not a "negotiated settlement" that is therefore outside of the scope of FAR 49.109-1 and 4.  Clearly a contracting officer is not required to negotiate a termination for default and FAR 49.109-1 and 4 cannot be reasonably interpreted to require a contracting officer to execute a no cost settlement agreement instead of a termination for default as Powertronic argues.  Powertronic's interpretation is

---

* A Westlaw search failed to bring up any ASBCA cases considering this argument.

3

unreasonable.  Additionally, we agree with the Navy's arguments on this point (gov't opp'n at 2).

*Lisbon Contractors*

Powertronic starts this argument by attempting to distinguish the Board's reliance on *DoDs, Inc.*, ASBCA No. 57667, 13 BCA (CCH) ¶ 35203, and *CKC Sys., Inc.*, ASBCA No. 61025, 19-1 BCA (CCH) ¶ 37385, for the tenet that "[f]ailure to make timely delivery establishes a prima facie case for termination for default."  Powertronic argues that "([i]mportantly, in both *Dods, Inc.* and *CKC Sys., Inc.*, the government terminated the relevant contracts *after* the delivery deadlines expired" and "[f]ailure to make appropriate progress—which the Navy cited as the key basis for the Contract termination—*does not equate to failure to make timely delivery*." (App. mot. at 5) (emphasis added)  Powertronic ignores what we said in our opinion, that failure to make progress in First Article testing resulting in termination for default does in fact equate to failure to make timely delivery. *Powertronic Systems Florida, Inc*, ASBCA No. 62174, 21-1 BCA ¶ 37,859 at 183,839.

Powertronic relies on *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 765 (Fed. Cir. 1987), for the proposition, "[t]he mere fact that a contractor is behind schedule is insufficient to satisfy the government's burden in proving a termination for default is justified" (app. mot. at 6).  This proposition is not enough to invalidate the Navy's decision here.  In our decision, we addressed Powertronic's list of excuses (GFE, Viton, Snap Action Switch, DO-C9 Rating, unavailability of shock testing, HUBZone Status).  Powertronic was not "merely" behind schedule, it was chronically behind schedule and the Navy correctly concluded that it would not likely get back on schedule and that enough was enough.  Powertronic effectively argues that the Navy must put up with Powertronic's chronic failures—it is obvious from our decision that we disagree.  This was dealt with in our decision and is not new fact or law.

*Abuse of Discretion*

Powertronic argues, "Powertronic was faced with delays both before and after the Contract modification due to the Navy's actions and inactions, supplier shortages, and subcontractor difficulties that the Contracting Officer failed to adequately consider when terminating the Contract for default" (app. mot. at 9).  We dealt with these "delays" and all of them were Powertronic's responsibility.  This case can be summed up by saying if you contract with the government ultimately you have to perform, not list excuses for which you are legally responsible.

Powertronic characterizes our footnote 1 as a mistake in fact (app. mot. at 10).  We disagree.  First, the issue of a contractor's right to unilaterally redesign design specifications is a question of law.  Second, contractors do not have the unilateral right to

4

redesign design drawings.  Anyone with any familiarity with design specifications knows that.

CONCLUSION

Powertronic's Motion for Reconsideration is denied.

Dated:  October 19, 2021

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62174, Appeal of Powertronic Systems Florida, Inc., rendered in conformance with the Board's Charter.

Dated:  October 19, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals